UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACK K. STEIN,

                Petitioner,

   v.

SCOTT FRAKES,

                Respondent.

No. 09-5006RBL

ORDER ON PENDING MOTIONS

The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrate Judges' Rules MJR 3 and MJR 4. The matter is before the court on several pleadings filed by Petitioner (Docs. 27, 28, 29) and Respondent's motion for a more definite statement (Doc. 31).

After reviewing these motions and the remaining record, the court orders:

(1) Petitioner's three related motions ask the court to summarily grant his petition and for immediate release pending the outcome of the underlying petition for writ of habeas corpus.

Order - 1

The request for summary judgment is premature, as the Respondent has not answered the petitioner and the state court record has not been supplied to the court to review the procedural aspects of the case or the merits of Petitioner's claims for relief. The ultimate relief sought cannot be determined without proper development of the record and review of the state court records. Petitioner's request for summary judgment is thus, premature, and the motion is therefore being set over to be determined after an Answer and the state court records have been filed with the court.

The authority to release a petitioner remains a disputed issue in the Ninth Circuit. <u>Roe v. United States Dist. Court</u>, 257 F.3d 1077, 1079-80 (9th Cir. 2001). Assuming the Court has the authority to release a petitioner from state custody pending determination of the habeas claims, release may be granted only in an exceptional case. <u>Marino v. Vasquez</u>, 812 F.2d 499, 507 (9th Cir. 1987). In order to obtain release pending habeas review, the petitioner must overcome a "formidable barrier." <u>Roe</u>, 257 F.3d at 1080-81; <u>Baker v. Sard</u>, 420 F.2d 1342, 1343 (D.C. Cir. 1969); <u>Glynn v. Donnelly</u>, 470 F.2d 95, 98 (1st Cir. 1972). Release on bail is not favored in habeas proceedings because it "supplies the sought-after remedy before the merits of petitioner's application are determined." <u>Iuteri v. Nardoza</u>, 662 F.2d 159, 161 (2nd Cir. 1981). Consequently, petitioners are rarely granted release on bail pending disposition of their petitions. <u>Martin v. Solem</u>, 801 F.2d 234, 329 (8th Cir. 1986). In the absence of extraordinary circumstances, the balancing of interests weighs much more heavily in favor of the State's interest in maintaining custody of the petitioner. <u>Wilcox v. Ford</u>, 813 F.2d 1140, 1151 (11th Cir. 1987).

Mr. Stein has not shown nor alleged facts (see discussion below) to demonstrate a clear entitlement to federal habeas corpus relief or "exceptional circumstances" in his case that would

warrant release pending the outcome of this case. His motion for immediate release is therefore **DENIED**.

(2) Respondent's motion for a more definite statement is **GRANTED**. Rule 2(c) of the Rules Governing Section 2254 cases in the United States District Court states, in relevant part:

> (c) Form of Petition. The petition shall be in substantially the form annexed to these rules, except that any district court may be local rule require that petitions filed with it shall be in a form prescribed by the local rule. [Omitted]. It shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified. [Omitted]. The petition shall be typewritten or legibly handwritten and shall be signed under penalty of perjury by the petitioner.

The petition on file is incomplete. It is presented on the appropriate form, however it fails to succinctly state the facts supporting each of the nine claims presented for habeas relief. Petitioner incorporates and refers to a 135 page document to elaborate on the facts and claims.

Respondent argues that Mr. Stein's federal claims, and the precise allegations underlying those claims, are difficult to discern from these documents. The court agrees. For instance, Petitioner does not distinguish between his 1988 trial and his 2004 trial. He lists nine separate claims under very generic of headings:

a. Denial of Counsel of Choice;
b. Denial of Speedy Trial;
c. Denial of Due Process;
d. Judicial Misconduct;
e. Mismanagement;
f. Prosecutorial Misconduct;
g. Excessive delay;
h. Egregious Misconduct; and
i. Vindictive Prosecution.

Petitioner fails to link these claims to any particular facts. Interestingly, Petitioner argues the state court was presented with the same claims in the same form, but had no trouble in

Order - 3

responding to them. However, as noted above, the court has not been provided the state court records, which would allow the court to review or evaluate the sufficiency of Petitioner's argument and/or claims presented in his pleadings.

Because of the difficulty and vagueness of the claims presented, the motion is being granted. Petitioner shall file an amended petition clearly stating the grounds for relief on the court-approved form. The petition shall be typewritten. If petitioner files supplemental pages, other than the standard form, then the petitioner shall be limited to 8 pages of such supplemental material. Petitioner's amended petition shall be served and filed no later than May 15, 2009.

(3) The clerk is directed to send a copy of this order to petitioner and to counsel for respondent.

DATED this 15th day of April, 2009.

J. Richard Creatura
United States Magistrate Judge

Order - 4