UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACK K. STEIN,

                Petitioner,

    v.

SCOTT FRAKES,

                Respondent.

No. 09-5006 RBL

ORDER

       The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrate Judges' Rules MJR 3 and MJR 4. The matter is before the court following Petitioner's filing of his Amended Petition (Doc. 45).

       After reviewing the Amended Petition and the balance of the record, the court finds and orders:

       (1) On April 15, 2009, the court issued an order directing Petitioner to file an Amended Petition because the original petition failed to succinctly state facts supporting each of the nine

Order - 1

claims presented for habeas relief. Petitioner incorporated and referenced a 135 page document to elaborate on the facts and claims, and he failed to distinguish between his 1988 trial and his 2004 trial. He listed nine separate claims under very generic of headings. The court found Petition had failed to link his claims to any particular facts. Because of the difficulty and vagueness of the claims presented, the court granted Respondent's motion for a more definite statement. Accordingly, Petitioner was directed to file an amended petition clearly stating the grounds for relief on the court-approved form by May 15, 2009.

(2) Petitioner filed an Amended Petition on April 27, 2009. A review of the Amended Petition and the supporting supplemental brief (Doc. 46) reveals the same deficiencies and raises new concerns. First, Petitioner has not filed the Amended Petition on the complete court approved form. Instead, Petitioner has deleted and inserted different pages. Use of the form was mandatory, and had Petitioner filled out the court form without deleting and adding to it, much of the confusion and the court's concerns noted below may have been alleviated.

Second, the Amended Petition only raises one ground for relief – Denial of Counsel of Choice. However, it appears elsewhere in the petition that Petitioner intends to raise the same nine issues previously raised in the original Petition. Petitioner has not completed sections (a) through (e) on the court form for any issue other than Denial of Counsel of Choice.

Third, the Amended Petition appears to be a second or successive petition. Generally, a petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001). The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). Under that provision, a successive application is

Order - 2

permissible only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction. 28 U.S.C. § 2244(b)(2). Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court. 28 U.S.C. § 2244(b)(3).

The Amended Petition states Petitioner is challenging his 1988 Clark County convictions and his 660 month sentence. In answer to a question regarding exhaustion, Petitioner states he previously filed a habeas corpus petition in C06-1047MJP. He also discloses that a petition for writ of habeas corpus challenging the same conviction was filed in 1991, under cause number C91-5523RJB. In support of his one claim presented, Petitioner states, "The trial court denied Retained Counsel of Choice to Stein in the first trial, second trial, impacting the third trial under the facts, circumstances, and procedural history as presented by Mr. Stein in his December 19, 2008 Memorandum." Review of the Amended Petition shows that it may be considered a second or successive petition, raising a claim that has previously been presented to the federal court.

(3) Based on the above deficiencies and concerns, Petitioner will be provided one last opportunity to prepare, serve, and file an amended petition. Accordingly, Petitioner shall file and serve a second amended petition (on the court approved form), curing if possible, the deficiencies and concerns noted above. If Petitioner files supplemental pages to add more than the four grounds of relief allowed on the form, he shall be limited to 8 pages of such supplemental material. Petitioner's second amended petition shall be served and filed no later than July 15, 2009. After that date has passed the court will review the record again, and determine whether the Respondent should answer the second amended petition. If an answer is not requested the court will recommend dismissal of the matter for lack of sufficient pleadings.

Order - 3

(4) The clerk is directed to send a copy of this order to petitioner and to counsel for respondent.

DATED this 15th day of June, 2009.

J. Richard Creatura
United States Magistrate Judge

Order - 4