UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACK K. STEIN,

        Petitioner,

v.

SCOTT FRAKES,

        Respondent.

CASE NO. C09-5006RBL/JRC

REPORT AND RECOMMENDATION

Noted for October 2, 2009

The underlying Petition for a Writ of Habeas Corpus has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4. Petitioner is seeking federal habeas relief, pursuant to 28 U.S.C. § 2254.

## FACTS

Petitioner has had three trials on the same criminal charges. The first trial resulted in a mistrial. The second trial in 1988 resulted in a conviction for three counts of attempted murder and one count of burglary. That conviction was over turned and in 2004 petitioner was retried

and again convicted of three counts of attempted murder and one count of burglary. This petitioner followed the third conviction.

The original petition included over 135 pages of argument (Dkt. # 10). The nine grounds for relief are set forth in notice pleading fashion and petitioner's argument appears to relate mostly to his prior convictions -- not his 2004 trial. While there are nine grounds for relief raised, it is impossible to tell what facts support each ground or if the facts relate to the 2004 trial or prior trials.

Respondent moved for a more definite statement (Dkt # 31). The motion was granted and petitioner was instructed as to the defects in his petition and what he needed to file in order to cure the defects (Dkt # 39). Petitioner was limited to a petition and an eight-page memorandum (Dkt # 39). On April 27, 2009, petitioner filed the amended petition (Dkt # 45 and 46). The amended petition still contained a number of defects. On June l5, 2009, petitioner was given one final chance to file a proper petition that clearly set forth his claims and set for the factual basis for the claims (Dkt. # 67). The court did not specify a limit on the number of pages in that last order.

The response to this court order was filed in pieces and includes an amended petition (Dkt. # 77), an argument in the form of a letter stating that the petition was not a second or successive petition (Dkt # 81), a memorandum in support of the petition (Dkt # 83), an amended memorandum in support of the petition (Dkt. # 86), and corrections to the amended memorandum (Dkt. # 88). The amended memorandum is 244 pages long (Dkt. # 86). The pleadings barely mention the 2004 trial and contain mostly petitioner's opinions on events prior to his 2004 trial. The pleading is not responsive to the court's order and does not contain a clear statement of the facts for each ground for relief. The respondent cannot reasonably be expected

REPORT AND
RECOMMENDATION - 2

to formulate an answer to the documents filed. This court now recommends that the petition be DISMISSED for failure to comply with a court order.

## DISCUSSION

The respondent accurately briefed the law regarding the sufficiency of a petition and the brining of a motion for a more definite statement:

> A habeas corpus petition under 28 U.S.C. § 2254 must "specify all the grounds for relief available to the petitioner." Rule 2(c)(1), Rules Governing Section 2254 Cases. The petition must also "state the facts supporting each ground." Id., Rule 2(c)(2). "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 1630 n. 7, 52 L. Ed. 2d 136 (1977) (quoting Advisory Committee Notes to Rule 4); see also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Federal Rules of Civil Procedure provide that if a petition is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). The court in a habeas corpus proceeding may "consider a motion from respondent to make the petition more certain." See Advisory Committee Notes to Rule 4, Rules Governing Section 2254 Cases.

(Dkt. # 31). What respondent fails to brief is what occurs if the petitioner or plaintiff in a civil action does not comply with the court's order. Fed. R. Civ. P. 12 (e) states the court should strike the pleading. This equates to dismissal of the action. American Jurisprudence 2d states the appropriate sanction is dismissal of the action. Am. Jur. 2d *Federal Procedure* § 62:397. The power to dismiss should not be exercised lightly because "it forecloses inquiry into the merits of the action." Id. When a response does not satisfy the court, then the court should renew its order. Here, the first response did not satisfy the court and the court renewed its order (Dkt # 39 and 67). The final attempt by petitioner is worse than the original or second attempt.

The court concludes that the proper course of action in this circumstance is to dismiss this habeas corpus petition. Petitioner has been given multiple chances to clarify the petition and submit a clear statement of facts supporting the grounds raised. He has not complied with the court's order and the documents submitted by him do not reasonably allow the respondent to formulate an answer.

REPORT AND
RECOMMENDATION - 3

1 | The pleadings do not satisfy the requirements set forth in Rule 2 of the Rules Governing Section

2 | 2254 Cases.  Therefore, the Court recommends that this action be DISMISSED.

### **CONCLUSION**

Based on the foregoing discussion, the Court should deny the petition for writ of habeas corpus.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Fed. R. Civ. P., the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 2, 2009, as noted in the caption.

DATED this 8th day of September, 2009.

_____
J. Richard Creatura
United States Magistrate Judge