UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACK STEIN,

              Petitioner,

       v.

SCOTT FRAKES,

              Respondent.

CASE NO.  C09-5006RBL

ORDER

This case has been referred to the undersigned Magistrate Judge pursuant to Title 28

U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR

4.  The matter is before the court upon petitioner's motion for immediate bail pending the

outcome of the underlying petition for writ of habeas corpus (Doc. 136), petitioner's motion to

expedite the matter (Doc. 138), and several related letters (Docs. 141, 145, 148, & 151).

After reviewing the record the court finds and orders as follows:

1.       Petitioner's request for immediate release is, in essence, a request for a stay of his

state sentence.  Such a stay is within the power of the court.  28 U.S.C. § 2251.  However, such

relief is not lightly granted.

When the process of direct review -- which, if a federal question is involved, includes the right to petition [the Supreme] Court for a writ of certiorari -- comes to an end, <u>a presumption of finality and legality attaches to the conviction and sentence</u>. The role of federal habeas corpus proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. <u>Federal courts are not forums in which to relitigate state trials</u>.

<u>Barefoot v. Estelle</u>, 463 U.S. 880, 887-88(1983)(emphasis added). A stay of a state prison sentence during the pendency of a federal habeas petition has occasionally been warranted, but such stays are almost invariably stays of execution of the death penalty. As stated in <u>Stepney v. Lopes</u>, 597 F.Supp. 11 (D. Conn. 1984):

Whether to grant the motion [for stay] requires consideration of the effect of denial as opposed to the grant. A denial would subject the petitioner to execution of his sentence, i.e. incarceration. It would not bar his release if his petition is ultimately granted as merited. It does subject him to the sentence of the Superior Court which, under principles of comity, is entitled to considerable weight. <u>Petitioner has passed the point of presumption of his innocence. That was stricken by the verdict of the jury</u>. His case was reviewed as to the legality of his sentence on motion to the trial court, on appeal to the Connecticut Supreme Court, and, to a limited degree [fn. omitted], on petition for certiorari. Petitioner therefore is not due the consideration of one merely accused or even one convicted but who has not exhausted his appeal rights. [Citation omitted.] Any meritorious writ of habeas corpus constitutes an adjudication of the illegality of the petitioner's custodial status, presumably from its inception, and thus any successful petitioner will have been found to have been wrongfully in custody from its inception and until released on the grant of the writ. The flip side of the coin is, however, that a stay relieves a petitioner from a sentence and custody which, if the writ is not ultimately granted, would have been deemed to be lawful from the outset. Under such circumstances, one who ultimately is found to have been lawfully subject to custody will have walked free when he should have been incarcerated. Granting stays of sentences in these habeas corpus proceedings would create the danger that every prisoner would be invited to flood the state or federal courts, successively and repeatedly, ad infinitum.
Apart from this impact of a grant on the system, a grant would further constitute an affront to the state criminal prosecution system in that a grant would deny the state the right to bring to conclusion its criminal prosecutions and the judgments of its courts after a conviction has been lawfully obtained. The federal court should tread lightly before such a disruption is visited in the state.

<u>Id</u>. at 13 (emphasis added). In order to secure release pending disposition of his Petition, petitioner must show more than a potentially meritorious habeas claim; he must make "a greater showing of some special reasons" for stay, some "circumstance making this application exceptional and deserving of special treatment in the interests of justice." <u>Aronson v. May</u>, 85

S.Ct. 3, 13 L.Ed.2d 6 (U.S.N.Y. 1964) (Douglas, J., in chambers on application for bail). A §2255 defendant is entitled to bail pending review only if he or she can demonstrate special circumstances or a high probability of success. United States v. Mett, 41 F.3d 1281 (9th Cir. 1994); Lands v. Deeds, 878 F.2d 318, 319 (9th Cir. 1989).

Thus, in Stepney v. Lopes, *supra*, and in Bates v. Estelle, 483 F. Supp. 224 (S.D.Tx. 1980), the district court rejected preliminary release of prisoners although each had demonstrated that incarceration was potentially life-threatening. (Stepney concerned a seriously ill 67 year-old petitioner, Bates concerned a former state judge fearful of meeting former acquaintances in prison).

Here, petitioner has not presented any particularized grounds for the exceptional relief he seeks. Petitioner has not shown the court a high probability of success or any special circumstances that warrant an immediate release or stay of his state court conviction and sentence. Petitioner's motion for immediate release pending resolution of the underlying petition (Doc. 136) is DENIED.

2. On October 26, 2009, the Court allowed petitioner to file an amended petition, and on November 9, 2009, the undersigned directed respondent to file an Answer to that petition. Giving respondent a reasonable time to formulate an answer, the court requested an Answer within 45 days. Accordingly, an Answer should be forthcoming. Petitioner's request for expedition and immediate consideration is unwarranted. A review of the record shows no exigent circumstances to review the matter *sua sponte*. It is appropriate to wait and allow respondent to file an Answer to the petition before the court considers the petition.

Petitioner's motion to expedite the petition for immediate consideration (Doc. 138) is DENIED.

3.    Finally, petitioner's frequent submissions by letter, which include requests for court action, compel the court to issue the following warning:  Such letters are inappropriate and all futures requests or pleadings requesting court action must be made in the form of a motion in compliance with the Federal Rules of Civil Procedure.

Plaintiff shall note the requirements of filing and responding to a motion provided by Local Civil Rule CR 7(b), which states:

**(b) Motions and Other Papers**

(1) *Obligations of Movant*. The moving party shall serve the motion and a proposed order on each party that has appeared in the action, and shall file the motion and proposed order with the clerk. The argument in support of the motion shall not be made in a separate document but shall be submitted as part of the motion itself. If the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion.

All motions shall include in the caption (immediately below the title of the motion) the date the motion is to be noted for consideration upon the court's motion calendar. See CR 7(d) for scheduling motions and briefing deadlines. The form for this notation shall be as follows:

NOTE ON MOTION CALENDAR: [insert date noted for consideration]

(2) *Obligation of Opponent*. Each party opposing the motion shall, within the time prescribed in CR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

(3) *Reply Brief*. The moving party may, within the time prescribed in CR 7(d), file with the clerk, and serve on each party that has appeared in the action, a reply brief in support of the motion, together with any supporting material of the type described in subsection (1).

(4) *Oral Argument*. Unless otherwise ordered by the court, all motions will be decided by the court without oral argument. Counsel shall not appear on the date the motion is noted unless directed by the court. A party desiring oral argument shall so indicate by typing ORAL ARGUMENT

REQUESTED in the caption of its motion or responsive memorandum. If a request for oral argument is granted, the clerk will notify the parties of the date and time for argument.

(5) *Decisions on Motions*. All motions will be decided as soon as practicable, and normally within thirty days following the noting date. The court encourages counsel to call the assigned judge's in-court deputy clerk to verify that a motion is scheduled for determination if a decision on the motion has not been received within 45 days of the noting date.

4.     The Clerk of Court is directed to send a copy of this Order and the Magistrate Judges' General Order to plaintiff.

DATED this 10th day of December, 2009.


J. Richard Creatura
United States Magistrate Judge